UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORVILLE KENLOCK,

                    Plaintiff,

-against-

ORANGE COUNTY, NEW YORK, *a municipal entity*, ORANGE COUNTY, NEW YORK, SHERIFF CARL E. DUBOIS, *in his individual and official capacities*, ORANGE COUNTY, NEW YORK, CORRECTIONAL FACILITY (JAIL) COLONEL ANTHONY M. MELE, *in his individual and official capacities*, ORANGE COUNTY, NEW YORK, CORRECTIONAL FACILITY, OFFICER BLOISE, *Shield# 360, in his individual and official capacities*, ORANGE COUNTY CORRECTIONAL FACILITY (JAIL) SERGEANT KEITH K. KISZKA, *Shield #134, in his individual and official capacities*, ORANGE COUNTY, NEW YORK, CORRECTIONAL FACILITY (JAIL) LIEUTENANT J. POTTER, *in his individual and official capacities*, ORANGE COUNTY CORRECTIONAL FACILITY (JAIL) LINE AND COMMAND "JOHN DOES" OFFICERS, *in their individual and official capacities*,

                    Defendants.

No. 20-cv-3693 (NSR)
**MEMORANDUM ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2021

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Orville Kenlock ("Plaintiff"), commenced this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), by the filing of his Complaint on May 12, 2020. (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint on October 30, 2020 asserting Section 1983 and State law claims against Defendants Orange County, Sheriff Dubois, Colonel Mele, Officer Bloise, Sgt. Kiszka, and Lt. Potter (collectively the "County Defendants"). (*See* Amended Complaint ("Am. Compl.") (ECF No. 30).) Presently before the Court is the motion of County Defendants to dismiss

the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 33.) For the following reasons, Defendants' motion is GRANTED, and Plaintiff's Amended Complaint is dismissed *without prejudice*.

County Defendants move to dismiss the Amended Complaint pursuant to, *inter alia*, Rule 8 of the Federal Rules of Civil Procedure because "Plaintiff's blatantly repetitive and unnecessarily verbose complaint, totaling 85 pages and nearly 300 paragraphs, indisputably violates the tenets of Rule 8 and should be dismissed on this basis alone." (County Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Defs' Mem.") (ECF No. 35) at 5.) The Court agrees.

Rule 8 of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even if "[n]o technical form is required," "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). As the Second Circuit has explained, although the "principal function" of a pleading is to give a party "fair notice of the claim asserted," the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it [if] they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5C Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. Dismissal is typically warranted where a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Cohen v. Capers*, No. 16-cv-6090 (PKC)(AJP), 2017 WL 2455132, at *3 (S.D.N.Y. June 6, 2017) (quoting *Salahuddin*, 861 F.2d at 42). Courts should focus on whether "the complaint's form or substance prevents the

defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 281 (S.D.N.Y. 2015). If a court dismisses the complaint for failure to comply with Rule 8(a), "it should generally give the plaintiff leave to amend." *Duncan v. Thompson*, No. 03 CV 403(SJ), 2004 WL 1810332, at *2 (E.D.N.Y. Aug. 12, 2004) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Salahuddin*, 861 F.2d at 42 ("Given our jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities, it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8.").

To be sure, under *Twombly* and *Iqbal* a complaint must allege "'enough facts to state a claim to relief that is plausible on its face,' such that the court [can] 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *E.E.O.C. v. Port Auth. Of N.Y. and N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As one court has explained, however, the "short-and-plain statement requirement" has been "independently interpreted, perhaps along with the requirement in Rule 8(d)(1) that allegations be 'simple, concise, and direct,' to protect interests separate from the [*Twombly*/*Iqbal*] entitlement requirement." *Green*, 96 F. Supp. 3d at 280. In other words, while *Twombly* and *Iqbal*'s pleading standard asks "how short is too short," the "short-and-plain statement requirement" asks "how long is not short enough[.]" *Id.*

In the instant case, the Court addresses the latter question. The FAC is voluminous at 85 pages and 296 paragraphs and, on top of that, Plaintiff seeks to merge 23 additional exhibits of handwritten service request forms, letters, grievances, and decisions into the Amended Complaint through his opposition papers. It is true, of course, that "verbosity alone does not require dismissal

under Rule 8." *See Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03 Civ. 4072(TPG), 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006). However, beyond the excessive length, the Amended Complaint fails to provide fair notice to County Defendants due to its convoluted structure, organization, syntax, and content.

The Amended Complaint is replete with run-on sentences, including sentences exceeding 150 words. For example, Plaintiff offers the following 266-word sentence containing 21 commas:

> The conduct of the party Defendants as described herein was propelled by the policies and practices of the party Defendants County of Orange, New York, Carl Dubois and Anthony Mele which policies and practices failed to provide their line and command level employees, who carry out the functions of the Orange County Sheriff's Office at the Orange County, New York Correctional Facility (Jail), with meaningful, effective training if any training whatsoever to them in specific areas implicated by the circumstances described hereinafter on June 9, 2018 and on various dates thereafter, the result of which propelled the very conduct of party Defendant line and command officers herein including the continuing course of conduct of party Defendant Orange County, New York Correctional Facility (Jail) security officer Bloise (Shield # 360) commencing on June 9, 2018 and the multiple dates thereafter until September 9, 2019; and which policies and practices of the party Defendants County of Orange, New York, Carl Dubois, and Anthony Mele failed to provide the line and command level employees, meaningful, effective training about how to meaningfully and effectively investigate actions of employee wrong doing brought to the attention of command officers and managers who are employed by the party Defendant County of New York to carry out its functions in the Orange County, New York Correctional Facility (Jail) and who, in the performance of their duties and functions, are required to guarantee that the rights of those who are detained in the custody of the party Defendant Orange County, New York at its Orange County, New York Correctional Facility (Jail) are honored, not violated.

Am. Compl. ¶ 284. Attempting to parse the meaning of run-on sentences like the above "places an unjustified burden on the court and the party who must respond to it [because] they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin*, 861 F.2d at 42.

If there were only a few such run-on sentences, the Court would be uninclined to conclude that Plaintiff violated Rule 8. But, in this case, there are numerous examples of similar run-on sentences of extraordinary length. Besides the above-quoted paragraph, the Court identified at

least twelve other sentences exceeding 150 words. *See* Am. Compl. ¶ 4 (containing a 258-word sentence); ¶ 65 (containing a 166-word paragraph); ¶ 66 (containing a 184-word sentence); ¶ 74 (containing a 210-word sentence); ¶ 82 (containing a 167-word sentence); ¶ 104 (containing a 156-word sentence); ¶ 105 (containing a 156-word sentence); ¶ 180 (containing a 178-word sentence); ¶ 195 (containing a 158-word sentence); ¶ 220 (containing a 173-word sentence); ¶ 221 (containing a 207-word sentence); ¶ 262 (containing a 204-word sentence). There are an even greater number of sentences exceeding 100 words (while containing less than 150 words). *See, e.g.*, Am. Comp. ¶ 3 (containing a 106-word sentence); ¶ 33 (containing a 143-word sentence); ¶ 36 (containing a 108-word sentence); ¶ 38 (containing a 118-word sentence); ¶ 39 (containing a 112-word sentence); ¶ 71 (containing a 148-word sentence); ¶ 76 (containing a 138-word sentence); ¶ 85 (containing a 145-word sentence); ¶ 86 (containing a 145-word sentence); ¶ 87 (containing a 127-word sentence); ¶ 102 (containing a 138-word sentence); ¶ 109 (containing a 119-word sentence); ¶ 112 (containing a 102-word sentence); ¶ 135 (containing a 135-word sentence). Cumulatively, these dense run-on sentences render "[t]he [amended] complaint a mass of paragraphs that drown the reader in repetitiveness and wordiness." *Rodriguez*, 2006 WL 2521323 at *3; *see also Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2002) (dismissing, without prejudice, plaintiffs' "103 page Amended Complaint, with 322 paragraphs" that was "redundant, argumentative, and ha[d] much irrelevancy and inflammatory material, . . . excessively long-winded, and its wordiness [ ] unjustified.").

Relatedly, the Amended Complaint also suffers from the inclusion of irrelevant details – *e.g.*, descriptions of Plaintiff's upbringing, substance abuse, and career. (Am. Compl. ¶¶ 20-28.) Plaintiff also uses vague undefined phrases in connection with operative events of this litigation and accordingly leaves the reader without a sense of the "who" or "when" of his claims. (*See* Am.

5

Compl. ¶¶ 19, 32, 33, 35-38, 243 (using the phrases "relevant period of time" and "relevant periods of time" without defining the relevant period(s) of time); *id.* ¶ 104, 111, 121, 149, 163 (alleging that "relevant witnesses" were not interviewed in connection with grievances without identifying relevant witnesses)). Moreover, Plaintiff's decision to attach 23 exhibits to his opposition papers and assert that they are appropriately considered part of the Amended Complaint, without identifying where those exhibits were referenced in the Amended Complaint, imposes an unjustified and Herculean task upon the Court and opposing party to attempt to locate where any of the 23 documents are referenced within an 85-page complaint that does not cite to any exhibits. Because of the unjustified burden created by the Amended Complaint and Plaintiff's subsequent attempt to further amend his complaint with 23 exhibits, the Court GRANTS County Defendants' motion to dismiss. Plaintiff's Amended Complaint is dismissed without prejudice.

Notwithstanding this conclusion, the Court is cognizant of the fact that Plaintiff wants to withdraw certain claims and better define his existing claims. (See Plaintiff's Memorandum of Law in Opposition to County Defendants' Motion to Dismiss (ECF Nos. 40, 41) at 2 n.2.) The Court is also mindful of the general preference "for adjudication of cases on their merits rather than on the basis of formalities." *See Salahuddin*, 861 F.2d at 42. Accordingly, the Court will grant Plaintiff another opportunity to amend his complaint in order to conform to the requirements of Rule 8. The Second Amended Complaint should allege all the facts (including, as needed, exhibits) necessary for Plaintiff to establish the who, what, when, where, and how of his claims. But in setting forth these necessary facts, the Second Amended Complaint must avoid the confusion, vagueness, dense prose, and ultimately the prejudice, created by his initial attempts at pleading.

For the reasons set forth above, County Defendants' motion to dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice and with leave to replead. Plaintiff may file a Second Amended Complaint consistent with this Memorandum Order on or before October 25, 2021. Failure to file a Second Amended Complaint within the time allowed or seek an extension, without good cause to excuse such failure, will result in dismissal of the Amended Complaint with prejudice.

The Clerk of the Court is respectfully directed to terminate County Defendants' Motion to Dismiss at ECF No. 33.

Dated: September 20, 2021  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge